Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARKO VUKOVIC, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIA BENEFIT SOLUTIONS, INC.,<br><br>Defendant. | Case No. 3:17-cv-03938-EDL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>2. Violation of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*)<br><br>**Jury Trial Demanded** |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff DARKO VUKOVIC ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant NAVIA BENEFIT SOLUTIONS, INC. (hereinafter "Defendant") to stop Defendant's unfair competition practices and to obtain redress for a nationwide class of persons ("Class Members") who purchased, within the applicable statute of limitations period, one of these services sold by Defendant (hereinafter collectively referred to as the "Class Services").

2. Defendant is corporation with principal place of business and headquarters in the state of Washington and are engaged in sale of employee benefits.

3. Defendant represents that it will provide tax-free access to commuter benefits, and did not adequately notify Plaintiff that his unused benefits would be forfeited to his employer at the termination of his employment. Defendant misrepresented to Plaintiff and others similarly situated these services and materials.

4. Plaintiff and others similarly situated purchased these services.

5. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase these services, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

## JURISDICTION AND VENUE

6. All claims in this matter arise exclusively under California law.

7. This matter is properly venued in the California Superior Court of the County of San Francisco, in that Plaintiff purchased the services in San Francisco

County and Defendant sold its services within this county. Plaintiff resides in the county of San Mateo and Defendant does business, <u>inter alia</u>, in the county of San Francisco.

## THE PARTIES

8. Plaintiff DARKO VUKOVIC is a citizen and resident of the State of California, County of San Mateo.

9. Defendant NAVIA BENEFIT SOLUTIONS, INC. is a corporation with its principal place of business located and headquartered in the state of Washington.

10. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

11. Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

12. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

13. Defendant partners with employers across the country to offer employee benefits such as health insurance and commuter parking plans.

14. Under Defendant's parking plan, employees can opt to send a portion of their pre-tax paycheck to Defendant which will then be loaded onto a debit card that can be used to pay for parking. This is advertised to employees as a way to save money that would otherwise be claimed by taxes.

15. Plaintiff signed up for Defendant's parking benefit plan while employed at Okta, Inc. When Plaintiff signed up for this service, he was not notified that any unused funds contributed to the plan would be forfeited upon termination of employment.

16. On or about February 16, 2017, Plaintiff terminated his employment with Okta, Inc. As a result of not being notified of Defendant's policy upon termination, Plaintiff still had a balance of approximately $220 on his parking card issued by Defendant.

17. When Plaintiff attempted to use his card several days later, it was denied. Plaintiff contacted his former employer, who informed him for the first time that any unused balance on Defendant's card was immediately forfeited to the employer upon termination of the employment relationship.

18. Plaintiff would not have opted in to Defendant's services had adequate notice of forfeiture of funds been given when purchase of the services was made.

19. Because of the inadequate information, Plaintiff was deprived of funds he otherwise would have been entitled to.

20. Defendant provides this information to thousands of persons to induce them to purchase Defendant's services.

21. Upon learning the true nature of the services, Plaintiff felt ripped off and cheated by Defendant.

22. Had Defendant properly represented the Class Services, Plaintiff would not have purchased the services.

23. Consumers rely on the representations given by Defendant in order to know which services to purchase.

24. The aforementioned representations are inadequate, and constitute an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

25. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease representing and selling the Class Services as such and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under the California Rules of Civil Procedure.

27. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All persons, who, between four years prior to the filing of this Complaint and the present, purchased one or more Class Services in the State of California.

28. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

29. Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

30. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

31. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

32. No violations alleged in this complaint are contingent on any

individualized interaction of any kind between class members and Defendant.

33. Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

34. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Services to Plaintiff and other Class Members;

    (b) Whether Defendant made misrepresentations with respect to the Class Services sold to consumers;

    (c) Whether Defendant profited from both the sale of the services and the advertised green base;

    (d) Whether Defendants violated California Bus. & Prof. Code § 17500, *et seq*.

    (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

    (f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

    (g) The method of calculation and extent of damages for Plaintiff and Class Members.

35. Plaintiff is a member of the class he seeks to represent

36. The claims of Plaintiff are typical of all class members.

37. All claims of Plaintiff and the class are based on the exact same legal theories.

38. Plaintiff has no interest antagonistic to, or in conflict with, the class.

39. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Services from Defendant during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all Class Members as demonstrated herein.

40. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

41. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

42. Plaintiff incorporates by reference each allegation set forth above.

43. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a Defendant's business practices and the alleged harm--that is, evidence that the Defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

44. California Business & Professions Code § 17200 prohibits any

"unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

45. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

46. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them misrepresented services (Class Services). Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

47. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

48. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented the Class Services, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Services to them.

Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Services included forfeiture at termination of employment. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase services. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

49. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

50. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

51. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

52. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Services under the reasonable assumption that any remaining balance could be refunded. Plaintiff's reliance upon Defendant's deceptive statements and omissions of material terms of purchase is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public. Defendant had a duty to disclose that its services are non-refundable at the time of employment separation, as this is a highly material term to persons purchasing said

services.

Defendant did not conspicuously disclose this material term to Plaintiff or other purchasers at the point of sale.

53. As explained above, Defendant deceived Plaintiff and other Class Members by falsely represented the Class Services.

54. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## SECOND CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq*.)

55. Plaintiffs incorporate by reference each allegation set forth above herein.

56. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

   a. Advertising goods or services with intent not to sell them as advertised- *Cal. Civ. Code* §1770(9);

   b. Passing off goods or services as those of another *Cal. Civ. Code* §1770(1)

   c. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. *Cal. Civ. Code* §1770(7)

   d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; - *Cal. Civ. Code* §1770(14);

e.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. Code* §1770(16)

57.  On or about June 13, 2017, through their Counsel of record, using certified mail with a return receipt requested, Plaintiffs served Defendants with notice of its violations of the CLRA, and asked that Defendants correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendants that they must take such action within thirty (30) calendar days, and pointed Defendants to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendants. Plaintiff has received confirmation that the letter was received over 30 days ago. Defendants have refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## MISCELLANEOUS

58.  Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

59.  Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

60.  Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)  An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)  An order certifying the undersigned counsel as Class Counsel;

(c)  An order requiring NAVIA BENEFIT SOLUTIONS, INC., at its own cost, to notify all Class Members of the unlawful and

deceptive conduct herein;

(d) An order requiring NAVIA BENEFIT SOLUTIONS, INC. to engage in corrective advertising and/or product recalls regarding the conduct discussed above;

(e) Injunctive relief;

(f) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Services during the relevant class period;

(g) Punitive damages, as allowable, in an amount determined by the Court or jury;

(h) Any and all statutory enhanced damages;

(i) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(j) Pre- and post-judgment interest; and

(k) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  August 3, 2017			Respectfully submitted,

					LAW OFFICES OF TODD M. FRIEDMAN, PC


					By:   /s Todd M. Friedman
					      TODD M. FRIEDMAN, ESQ.
					      Attorney for Plaintiff
					      DARKO VUKOVIC

Filed electronically on this 3rd day of August, 2017, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Elizabeth D. Laporte
United States District Court
Northern District of California

And all Counsel of Record as Recorded on the Electronic Service List.

This 3rd day of August, 2017.

s/Todd M. Friedman, Esq.
Todd M. Friedman

FIRST AMENDED CLASS ACTION COMPLAINT